**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

**In re:**

| | | |
|---|---|---|
| **CENTURY ARMS TOWNHOMES, LLC,** ) | **Case No. 14-22349-GLT** |
| ) | |
| Debtor, ) | **Chapter 7** |
| ) | |
| **JEFFREY J. SIKIRICA,** ) | **Document No. _____** |
| **CHAPTER 7 TRUSTEE for** ) | |
| Century Arms Townhomes, LLC, ) | |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | |
| **EQUITY INDEXED MANAGED FUND,** ) | |
| **LLC; WJA SECURE REAL ESTATE** ) | |
| **FUND, LLC; CENTURY TOWNHOMES** ) | |
| **ASSOCIATION, LLC; CITY OF** ) | |
| **CLAIRTON; CLAIRTON CITY** ) | |
| **SCHOOL DISTRICT; ALLEGHENY** ) | |
| **COUNTY; CLAIRTON MUNICIPAL** ) | |
| **AUTHORITY, and, PENNSYLVANIA** ) | |
| **AMERICAN WATER,** ) | |
| Respondents. ) | |

**EXPEDITED**
**MOTION FOR ORDER ESTABLISHING AUCTION SALE PROCEDURES**
**TO SELL REAL PROPERTY OF THE DEBTOR**

AND NOW, comes Jeffrey J. Sikirica, as Chapter 7 Trustee (hereinafter "Trustee") for the Bankruptcy Estate of Century Arms Townhomes, LLC (hereinafter "Debtor") and hereby files this "Motion for Order Establishing Auction Sale Procedures to Sell the Real Property of the Debtor" (hereinafter "Motion"). In support of the Motion, the Trustee states as follows:

**CERTIFICATE OF NECESSITY**

THE UNDERSIGNED HEREBY CERTIFIES that, as a member of the Bar of this Court,

I have carefully examined the matter under consideration and to the best of my knowledge, information and belief, formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, or to increase the cost of litigation, and there is just cause to request a consideration of the matter on an expedited basis.  I am aware of Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011 and of the consequences which may result from violation thereof.

THE UNDERSIGNED CERTIFIES FURTHER that this matter requires an expedited hearing because a concurrent Motion to Approve the Sale of Real Property of the Debtor has been filed, and it is necessary to establish a bidding procedure in order to allow the scheduled sale hearing for April 30, 2015 to proceed and to properly pre-qualify any potential bidders. The Bankruptcy Estate may be harmed if an expedited hearing is not held on this Motion as the Bankruptcy Estate would need to delay a scheduled April 30, 2015 sale hearing with the risk of an offer being withdrawn and the incurring of additional expenses to the Bankruptcy Estate.

THE UNDERSIGNED CERTIFIES FURTHER that the necessity of this expedited hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control, as attempted mediation although ongoing, has not resolved the claims conflicts in this case.

THE UNDERSIGNED CERTIFIES FURTHER that the amount of time needed to present information under applicable law to enable this Court to enter an order granting the requested relief is thirty (30) minutes.

## JURISDICTION AND VENUE

1. On June 9, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania.

2. On or about August 22, 2014 the Debtor's case was converted to one under Chapter 7.

3. On or about August 22, 2014 Jeffrey J. Sikirica (hereinafter "Trustee") was appointed as Chapter 7 Trustee and has been duly serving.

4. The Debtor is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its last known address as 1227 Greystone Drive, Pittsburgh, PA 15241.

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O).

## RESPONDENTS

6. The Respondent, Equity Indexed Managed Fund, LLC (hereinafter "Equity Index"), is a limited liability company organized under the laws of the State of California, having a last known address of 23332 Mill Creek, Suite #260, Laguna Hills, California 92653. Equity Index asserts a secured claim against a portion of the Debtor's real estate holdings pursuant to a mortgage recorded on September 21, 2012 in Mortgage Book Volume 41474, Page 103 in the Recorder of Deeds Office of Allegheny County.

7. The Respondent, WJA Secure Real Estate Fund, LLC (hereinafter "WJA"), is a limited liability company organized under the laws of the State of California, having a last

known address of 23332 Mill Creek, Suite #260, Laguna Hills, California 92653. WJA asserts a secured claim against a portion of the Debtor's real estate holdings pursuant to a mortgage recorded on August 23, 2012 in Mortgage Book Volume 41344, Page 23 in the Recorder of Deeds Office of Allegheny County.

8. The Respondent, Century Townhomes Association (hereinafter "CTA"), is an association with a last known address of P.O. Box 445, Clairton, Pennsylvania 15025. Pursuant to a Declaration of Covenants, CTA among its other duties is responsible for calculating the maintenance costs for water and sewage service provided and assessing these costs to each townhouse owner in the Woodland Terrace Plan where real estate holdings of the Debtor are located.

9. The Respondent, City of Clairton, is a Third Class City organized under the laws of Pennsylvania with a last known office address of 551 Ravensburg Boulevard, Clairton, Pennsylvania 15025. The City of Clairton asserts a pre- and post-petition secured claim against the Debtor's real estate pursuant to statute for unpaid real estate taxes.

10. The Respondent, Clairton City School District (hereinafter "City School"), is a government institution with a last known address of 551 Ravensburg Boulevard, Clairton, Pennsylvania 15025. City School asserts a pre- and post-petition secured claim against the Debtor's real estate pursuant to statute for unpaid real estate taxes.

11. The Respondent, County of Allegheny (hereinafter "AC"), is a government institution with a last known address of Allegheny County Treasurer's Office, Allegheny City Taxes, P.O. Box 643385, Pittsburgh, Pennsylvania 15264. AC asserts a pre- and post-petition secured claim against the Debtor's real estate pursuant to statute for county real estate taxes.

12. The Respondent, Clairton Municipal Authority (hereinafter "CMA"), is a municipal

authority with a last known address of 1 North State Street, Clairton, PA 15025. CMA asserts a pre- and post-petition secured claim against the Debtor's real estate pursuant to statute for waste water sewage treatment services.

13. The Respondent, Pennsylvania American Water ("PA Water"), is a Pennsylvania corporation with a last known address of 800 W. Herheypark Drive, Hershey, PA 17033. PA Water asserts pre- and post-petition claims against the Debtor for water supplied and used.

## REAL ESTATE

14. The Debtor's real property (hereinafter "Real Property") with improvements thereon that is the subject of this Motion consists of approximately one hundred sixty-five (165) townhome units, two (2) homes used as an office and for maintenance, and common areas collectively referred to as the Century Arms Townhomes, situate in or next to the Woodland Terrace Plan in the City of Clairton, Allegheny County, Pennsylvania. Attached as Exhibit "A" is a listing of the Real Property.

## BIDDING PROCEDURE

15. By this Motion, the Trustee requests that the Court approve the following bidding procedures (hereinafter "Bidding Procedures"), which shall govern the conduct of the sale of the Real Property.

16. The proposed Bidding Procedures are as follows:

    a. Any bidder (hereinafter "Prospective Bidder") must be qualified in order to be permitted to bid for the Real Property at the Auction Sale. In order to qualify as a bidder (hereinafter "Qualified Bidder"), a Prospective Bidder must comply with the following:

        i. A Prospective Bidder must not discuss any bid amount with any other bidder prior to the Auction Sale except that the secured lenders Equity Index and WJA may as part of the ongoing

        mediation and with the Trustee's participation have discussions with prospective buyers. No bidder shall bid unless they act in 'Good Faith' in accordance with In re <u>Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143 (3rd Cir. 1986), and intend to close on any bid;

  ii.      A Prospective Bidder shall deposit with the Trustee no less than seventy-two (72) business hours prior to the Auction Sale, a sum equal to Thirty Thousand Dollars and No Cents ($30,000.00) (hereinafter "Good Faith Deposit"), by wire transfer of immediately available U.S. Funds to the Trustee's Escrow Account pursuant to wire transfer instructions to be furnished by the Trustee;

  iii.     Any bidder must provide the Trustee no less than seventy-two (72) business hours prior to the Auction Sale with evidence that the individual or entity has cash on hand or a letter of credit or irrevocable loan commitment sufficient to pay the amount of its pre-qualified maximum bid in cash at closing (hereinafter "Pre-Qualified Maximum Bid Amount").   The Trustee shall keep all such information submitted in confidence; Any bidder shall make such further disclosure to the extent of its/their "financial ability" to purchase as reasonably requested by the Trustee.   Any bidder shall not be permitted to bid in excess of this pre-qualified maximum bid amount unless permitted to do so by the Court.   The Trustee shall not release this information and shall keep it confidential, unless a bidder attempts to bid in excess of its/their Pre-Qualified Maximum Bid Amount.

  iv.     Any bidder shall disclose to the Trustee the identity of all parties connected or involved in any bid.   If it is a corporate bidder, the bidder will identify if it is a publicly traded entity or a closely held corporation, and the bidder shall identify any shareholder who holds more than a 5% interest in the bidder.   A governmental entity shall disclose that it has appropriate authority to make a bid.

  v.      At the Auction Sale, the Court will make a final determination on Qualified Bidders based on the recommendations of the Trustee and any representations and additional information provided at the Auction Sale.   Any party in interest may address the Court on the qualifications of any bidders.

b.    The sale of the Real Property will be "as is" and "where is".   The

Trustee/Seller will not warrant the quality of title, condition of the Real Property purchased, accuracy of the listing of the townhouse units owned by the Debtor or whether it has title to coal, oil and gas rights of the Real Property. The Trustee will sell the interests of the Debtor that it has and convey these interests, whatever they may be, to the buyer. Each buyer will have conducted its own 'due diligence' and may not rely on any representation or warranties made prior to the sale. Transfer of the Real Property will be by "Special Warranty" deed.

        c.   If a Qualified Bidder is a successful bidder, its Qualifying Deposit shall become non-refundable once the Court has confirmed its bid as the highest or best offer. If such successful Qualified Bidder does not close within the time contained in the Order approving the sale, its Qualifying Deposit will be awarded to the Trustee as liquidated damages. This is without prejudice to the Trustee to seek additional damages.

        d.   This Auction Sale will be pursuant to 11 U.S.C. §363(f) and this Court's general equitable powers under 11 U.S.C. § 105(a) and unless specifically retained in this Order, upon the Closing of the Sale, Purchaser shall take title to and possession of the Purchased Assets. The transfer of the Real Property shall be free and clear of any and all liens, claims, liabilities, interests and encumbrances, whether contingent, unliquidated, unmatured or otherwise, and whether of or against the Debtor, the Purchaser or the Real Property, including, without limitation: (a) any mortgages, judgments, unrecorded claims in or against the Real Property, security interests, and any other liens or encumbrances of any kind; (b) any demands or claims of creditors of, or claimants against, the Debtor and/or Trustee; (c) any interests of shareholders or other interests in the Debtor; and (d) any person claiming through, by or on behalf of the Debtor, whether such claim, demand, lien, or interest be direct or indirect, known or unknown, or claiming that Purchaser is a successor, successor-in-interest or pursuant to any other theory

including the Successor Liabilities. All such liens, claims, liabilities, interests and encumbrances as set forth above shall attach solely to the proceeds of the Sale with the same validity and priority as they attached to the applicable Real Property.

  e. Notwithstanding the terms of paragraph (d) there are tenant leases to which the Seller is a party and which relate to the Real Property. The Potential Bidder must specifically agree to assume the leases as of the Closing Date, without modification, such that the Debtor will incur no liability whatsoever under the Leases that accrue after the Closing Date.

  f. All due diligence of all Potential Bidders must be completed before the Auction Sale.

  g. As a condition of this sale, all bidders who submitted bids at the Auction Sale consent to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction Sale, the terms and conditions of the transfer of the Real Property, as applicable.

  h. All bidders shall appear in person, or through a duly authorized representative, at the Auction Sale.

  i. At the Auction Sale, an opening overbid must be at least equal to (i) the proposed purchase price of the Initial Approved Offer, plus (ii) an initial incremental overbid of Fifty Thousand Dollars and No Cents ($50,000.00). Subsequent bids must similarly increase by an incremental overbid of not less than Ten Thousand Dollars and No Cents ($10,000.00). All bidding will continue until the last bid is offered. All subsequent bids must comply with the Order and the terms of the sale.

  j. The final and highest or best bid at the end of the Auction Sale, and as finally determined by the Court, becomes the Successful Bid and the bidder making the Successful Bid becomes the "Successful Bidder".

k.   If the Court authorizes the sale in accordance with the Successful Bid, then the sale shall be closed within twenty (20) days after entry of the Order approving the sale, unless otherwise agreed by the parties or the Court.

l.   The Good Faith Deposit(s) of all Qualified Bidder(s) shall be held in escrow by the Trustee, but shall not become property of the Debtor's estate absent further order of the Bankruptcy Court.   The Good Faith Deposit(s) of all Qualified Bidder(s), other than the Successful Bidder, shall be released promptly by the Trustee upon entry of an order approving the sale to the Successful Bidder (the "Sale Order").

m.   Notwithstanding any provision in the proposed Order of Court, nothing herein shall be construed to impair or limit the rights of any party-in-interest to object to the Trustee's determination of Qualified Bidders, the Trustee's recommendation of the Initial Approved Offer, or the Trustee's determination of the highest and best offer.   Nothing in this sale procedure limits the Trustee's or the estate's right to object to any claim, assert a claim or assert a defense.   Nothing in this sale procedure limits the rights of any creditor or party in interest to assert any claim.

n.   Consistent with current legal authority[1], the Trustee requests this Honorable Court to allow Equity Index and/or WJA, pursuant to their respective mortgage liens, to participate as Qualified Bidders subject to limits and conditions on their respective credit bidding as follows:

i) Place a deposit within three (3) business days prior to the sale hearing of

---

1  See In re Diebart Bancroft, Nos. 92-3744, 92-3745, 1993 WL 21423 (E.D. La. Jan. 26, 1993), In re Daufuskie Island Properties, LLC, 441 B.R. 60, 64 (Bankr. D.S.C. 2010), In re RML Dev., Inc., No. 13-29244, 2014 WL 3378578, at *32 (Bankr. W.D. Tenn. July 10, 2014), In re River Road Hotel Partners, LLC, No. 09 B 30029, 2010 WL 6634603 (Bankr. N.D. Ill. Oct. 5, 2010), and, In re NJ Affordable Homes, Corp., No. 05-60442 (DHS), 2006 WL 2128624 (Bankr. D.N.J. June 29, 2006).

Thirty Thousand Dollars and No Cents ($30,000.00) with the Trustee pursuant to the Qualified Bidder terms,

  ii) Agree that all closing costs, real estate taxes and statutory municipal liens be paid at the time of closing,

  iii) Pay in cash at closing to be held in escrow by the Trustee pending further Order of Court, an amount equal to all claims purported to be secured by liens senior in interest to the liens held by Equity Index and WJA, any unpaid or otherwise contested claims for real estate taxes and statutory municipal liens, and, all purported liens of the Century Townhomes Homeowners Association; and

  iv) Pay the portion of the final offer in Real Property not secured by mortgages of Equity Index and/or WJA in cash at the closing.

 o. The Trustee may request the Court at any time prior to the scheduled time for the sale of the Real Property to modify the terms of these auction sale procedures.

WHEREFORE, the Trustee requests this Honorable Court to approve the attached Order of Court establishing auction sale procedures to sell the Debtor's Real Property collectively referred to as the Century Arms Townhomes, situate in or next to the Woodland Terrace Plan in the City of Clairton, Allegheny County, Pennsylvania and for such other relief that is just and proper.

          Respectfully Submitted,

          /s/ Jeffrey J. Sikirica
          Jeffrey J. Sikirica, Esquire
          PA I.D. # 36745
          121 Northbrook Drive
          Gibsonia, PA 15044
          (724) 625-2566
          (724) 625-4611, fax
          TrusteeSikirica@consolidated.net